**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7749**

MATTHEW SCOTT CARSON HOWARD,

Plaintiff - Appellant,

v.

JOSHUA HAYES; MARTY STANLEY; TODD ELAM,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:20-cv-00143-EKD-JCH)

Submitted: March 29, 2022                                      Decided: April 1, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Matthew Scott Carson Howard, Appellant Pro Se. Nathan Henry Schnetzler, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Scott Carson Howard seeks to appeal the district court's order granting summary judgment to Defendants on his 42 U.S.C. § 1983 complaint. Defendants move to dismiss Howard's appeal as untimely. We grant Defendants' motion and dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on September 24, 2021. Howard filed the notice of appeal on December 8, 2021.[*] Because Howard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Howard's motion for the appointment of counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Howard could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).